## ROYER v. RUSSELL & Co.

*(Circuit Court, N. D. Ohio, E. D.  November 26, 1881.)*

1. **LETTERS PATENT—DESTRUCTION OF MODEL—MISTAKE IN DRAWING—MEASURE OF PROOF.**

   Where the original model which was filed in the patent-office has been destroyed, the fact that a mistake has been made in the drawings on file, on which the patent was issued, must be very clearly established before the court will allow them to be corrected.

2. **SAME—GRAIN SEPARATORS.**

   Letters patent No. 167,570, granted September 7, 1875, to complainant, for an improvement in grain separators, are not infringed by the defendants' machine.

In Equity.

*Lucien Hill* and *Chas. M. Peck,* for complainant.

*M. D. Leggett & Co.,* for defendants.

WELKER, D. J.  This suit is brought by the complainant against the respondents upon letters patent No. 167,570, granted September 7, 1875, to complainant for an improvement in grain-separators.  The bill charges infringement, and prays for an injunction and account. The answer denies the alleged infringement, and denies that the claims were patentable in view of a large number of prior patents, to which it refers.  Replication filed and heard on the evidence.

In the complainant's patent the claim is stated as follows:

"Having thus fully described my invention, what I claim as new and desire to secure by letters patent is—

"The revolving rake operating in combination with the straw-deflector, S, and shaker, H, substantially as set forth."

This is the only claim relied upon by the complainant, and for the infringement of which this action is brought.  The patent is a combination of old devices, which may be patentable where new and useful results are thereby produced.  The revolving rake, the deflector, and the shaker are each separately old devices, and each had been used for many years before the complainant's patent.

It is important, in the first place, to determine what was the complainant's combination for which he received his patent.  The original model filed in the patent-office has been destroyed, so that it could not be put in evidence for inspection.  We have before us the drawings on file in the office—one copy put in evidence by the complainant and another copy by the respondents.  In these drawings the position of the deflector in relation to the shaker or carrier seems to differ very much.  In that of the respondents the deflector is shown

to approach the shaker so nearly as to render the machine entirely inoperative for the threshing purposes. The complainant's exhibit shows a greater space between the lower part of the deflector and the shaker, but it seems to have been altered after the printing of the drawing. We have also before us a model made by the respondents from the drawing, which shows that the machine, if so made, would be useless for the purpose of the invention. It may be, as claimed by the complainant, that the position of the deflector was in some way changed in making the drawing of the original model, and the complainant intended to give more space between it and the shaker than appears in the respondents' exhibit; but as the patent was issued on the drawings filed, it should be very clearly established that this mistake occurred, before this court should attempt to change it by a decree. On this point the evidence is somewhat conflicting, but we think the preponderance is with the defence.

The combination of these old devices, then, as made and patented by the complainant, did not produce any new or useful results. It is inoperative and without value, and would not do the work for which it was designed. If the machine as now used is practically useful, it has been made so by the changes and improvements suggested and introduced by the respondents and others. The beater and other improvements introduced by the respondents are not only necessary to a successful operation of the invention, but materially change the relations and functions of some of the different parts—notably that of the beater. The function of this part of the combination is entirely different from the functions presented for the complainant's "rotary rake." In the specifications of the complainant's patent its function is described: "The revolving rake pulls the straw from under the straw-deflector, S, and prevents the machine from clogging at this point." For a successful separator, it is necessary to use a beater, one or more, to stop the velocity of the straw as it leaves the threshing cylinder, and also to knock out the grain, and thereby prevent it from passing over the shaker and out among the straw. There is no need of a rake, as such, to get the straw from the deflector, if space enough is left to allow its passage. The velocity of the threshing cylinder with the enclosed box of the machine will drive the straw away from the machine.

We think, therefore, that the complainant's combination as patented has not been infringed by the respondents. This view of the case renders it unnecessary for us to determine whether any of the

machines referred to by the respondents anticipated the patent of the complainant.

The bill is dismissed, with costs.

BAXTER, C. J., concurs in this opinion.